IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal Nos. 19-160 and 19-163 |
| ) | |
| CHADLIN LEAVY ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

In this criminal action, Defendant, Chadlin Leavy, previously pled guilty on February 19, 2020, to: Counts One and Two (conspiracy to distribute 100 grams or more of heroin and conspiracy to distribute 500 grams or more of cocaine, respectively) at case number 19-cr-00160; and to a lesser-included offense of conspiracy to distribute more than 50, but less than 100 kilograms of marijuana at case number 19-cr-00163.  Defendant was sentenced on January 21, 2021, to an aggregate term of sixty months imprisonment and eight-years supervised release (ECF 222).  He has filed a *pro se* Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255.  ECF 246.

The Government filed a Response to Defendant's Motion to Vacate (ECF 251), arguing both the untimeliness of Defendant's Section 2255 Petition as well as the substance of his Petition, making this matter ripe for disposition.

**I.  BACKGROUND**

As noted above, Defendant pled guilty pursuant to a plea agreement with the Government to two counts of conspiracy to distribute illegal drugs – heroin and cocaine – in one case, and simultaneously pled guilty to a lesser included offense of conspiracy to distribute another illegal drug – marijuana – in a second case.  At the time of the change of plea hearing, Defendant

testified under oath.  Defendant was sentenced on January 21, 2021, to a combined term of sixty months imprisonment and eight years of supervised release.

Defendant's § 2255 Petition indicates that Defendant is raising a claim for ineffective assistance of counsel (which his plea agreement permits), and Defendant supports this claim in its entirety by stating:

> I did not have the [opportunity] to go over discovery[.] If given all the information for the case and sentencing[,] the outcome would've been different. My attorney made a promise to me about the time I would receive [by] taking the plea.  He advised me to take a plea he knew would result in me not getting the time off for the RDAP program because of the 2 point enhancement.

ECF 246, p. 4.

The Government filed a Response to Defendant's Motion to Vacate, arguing both the untimeliness of Defendant's Section 2255 Petition as well as the substance of his Petition.

## II. STANDARD OF REVIEW

A Section 2255 petition enables a defendant to petition the court that imposed the sentence, collaterally attacking a sentence imposed after a conviction. 28 U.S.C.A. §2255; see also *U.S. v. Cannistraro*, 734 F.Supp. 1110, 1119 (D.N.J. 1989), *aff'd*, 919 F.2d 133 (3d Cir. 1990). *cert. den'd*, 500 U.S. 916 (1991).  Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Relief is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission

inconsistent with the rudimentary demands of fair procedure." *U.S. v. Gordon*, 979 F.Supp. 337, 339 (E.D.Pa.1997) (citing *Hill v. U.S.*, 368 U.S. 424 (1962)).

The Court considers a defendant's petition together with all files, records, transcripts and correspondence relating to the judgment under attack. See 28 U.S.C. § 2255. A district court considering a Section 2255 petition accepts " 'the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record,' " *U.S. v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (quoting *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989)), and a court "abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief." *Booth*, 432 F.3d at 546 (citing *U.S. v. McCoy*, 410 F.3d 124, 134 (3d Cir.2005). However, the final disposition of a Section 2255 motion lies with the discretion of the trial judge, see *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985), and a district court may summarily dismiss a Section 2255 motion where the motion, files, and records "show conclusively that the movant is not entitled to relief." *U.S. v. Mason*, 2008 WL 938784, 1 (E.D.Pa.2008) (citing *Forte*, 865 F.2d at 62). "Section 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal," *U.S. v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir.1993) (internal quotations omitted). Moreover, "if a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to show 'cause' excusing his procedural default and 'actual prejudice' resulting from the alleged error or violation." *Henry v. U.S.*, 913 F.Supp. 334, 335 (M.D.Pa.1996). See also *U.S. v. Essig*, 10 F.3d 968, 979 (3d Cir.1993) (holding that the "cause and prejudice" standard set forth in *U.S. v. Frady*, 456 U.S. 152 (1982) "applies to § 2255

proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed").

A petitioner need not demonstrate cause and prejudice when raising a claim of ineffective assistance of counsel for the first time in a collateral attack. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003) (holding that an "ineffectiveness" claim can be brought in a collateral proceeding under § 2255 regardless of whether the same issue could have been addressed on direct appeal); *DeRewal*, 10 F.3d at 104.

When a motion is made under 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. *Id.*; *United States v. Gordon*, 979 F.Supp. 337, 339 (E.D.Pa.1997).

The Court finds no need for an evidentiary hearing as the record herein conclusively establishes that Defendant is not entitled to the relief sought in his petition. 28 U.S.C. § 2255.

**III. DISCUSSION**

    **A. Untimeliness**

The pertinent portion of Section 2255 reads as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>     (1) the date on which the judgment of conviction becomes final;
>
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), the statute of limitations begins to run on "the date on which the judgment of conviction becomes final." If a defendant does not appeal the conviction, the conviction becomes final on "the date on which the time for filing such an appeal expired." *Kapral*, 166 F.3d at 577.

Turning to the instant matter, Defendant entered into a plea agreement, and as a part of the agreement, he waived his right to file an appeal. Defendant was sentenced and his judgment was entered on January 22, 2021. Defendant's judgment became final on February 5, 2021.

As noted by the Government, because Defendant is in prison, and was at the time he filed this Petition, this Court must consider the application of the prison mailbox rule. "Under the prison mailbox rule, a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing." *Thomas v. Folino*, 2022 WL 1205660, n. 1 (M.D. Pa. 2022), citing *Houston v. Lack,* 487 U.S. 266, 276 (1988); *Pabon v. Superintendent S.J.C. Mahanoy,* 654 F.3d 385, 391 n. 8 (3d Cir. 2011). "In establishing this rule, the Supreme Court recognized the unique challenge prisoners confront in that they cannot personally deliver their documents to the courthouse for filing, nor can they control when their documents are approved to be sent through the mail." *Houston*, 487 U.S. at 271. "The *pro se* prisoner does not anonymously drop his

5

notice of appeal in a public mailbox – he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." *Id.* at 275.

The Court notes that Defendant's Section 2255 Petition is unsigned, and it is not dated. ECF 246. However, his Petition contains the envelope bearing the postmark of February 23, 2022. See ECF 246, p. 13. This postmark indicates the document was mailed more than two weeks after Defendant's conviction became final – February 21, 2021. Defendant does not indicate when he delivered his Section 2255 Petition to prison officials, and by failing to sign and date his Petition, the Court only has the postmark date provided by Defendant. Even under the prison mailbox rule, Defendant should have informed this Court when delivered his Petition to prison authorities. He did not. Thus, the Court is constrained to enforce the one-year limitation established by § 2255(f)(1) and deny his Section 2255 Petition.

**B. Defendant's Other Arguments**

Defendant claims that if he had been given the opportunity to go over discovery, "the outcome would've been different." (Defendant offers no explanation of how or what would have been different if he had been given an opportunity to view the discovery.) Defendant also claims that his attorney "made a promise" to Defendant "about the time I would receive [by] taking the plea" and that his attorney further advised Defendant to take a plea knowing Defendant would not have his time reduced "for the RDAP program because of the 2 point enhancement." ECF 246. The Government addressed these arguments in its Response. ECF 251.

This Court has noted above that the entirety of Defendant's Section 2255 Petition was comprised of four sentences, which read:

> I did not have the [opportunity] to go over discovery[.] If given all the information for the case and sentencing[,] the outcome would've been different. My attorney made a promise to me about the time I would receive [by] taking the plea. He advised me to take a plea he knew would result in me not getting the time off for the RDAP program because of the 2 point enhancement.

ECF 246, p. 4.

This Court determined in subsection "A.," that Defendant's Petition was not timely filed and no date (aside from the postmark on Defendant's envelope) that could trigger the prison mailbox rule or provide any reason to extend the one-year deadline was provided. Because Defendant provided no dates, and no explanation as to why his Section 2255 Petition was not timely filed, and none can even be inferred given the substance of what Defendant wrote in the Petition (as quoted in its entirety, above), the Court declines to examine and/or comment on the substance of the Defendant's arguments set forth above.

### C. Certificate of Appealability

A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing: (1) where a court has rejected the constitutional claim on the merits that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" or (2) "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that jurists of reason would not find it debatable that this Court was correct in its procedural ruling. Therefore, the Court will deny a certificate of appealability.

An appropriate Order shall follow.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:	All Registered ECF Counsel and Parties

Chadlin Leavy  
39505-068  
FCI Morgantown  
PO Box 1000  
Morgantown, WV 26507